VILLAGE OF OVERTON, APPELLANT, V. WILLIAM NAGEL ET AL., APPELLEES.

FILED JANUARY 25, 1935. No. 29127.

*W. A. Stewart, Jr., T. M. Hewitt* and *M. O. Bates,* for appellant.

*Cook & Cook* and *Crofoot, Fraser, Connolly & Stryker,* contra.

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and CHAPPELL, District Judge.

DAY, J.

This was an action by a village against a former treasurer and his bondsman for money lost by reason of the failure of a bank in which it was deposited. The treasurer of the village was assistant cashier and a director of the bank. The trial court submitted the cause to a jury, under instructions which do not state the law applicable to the facts, and the jury returned a verdict in favor of the defendants. The village appeals.

The appellees argue that the statute (Comp. St. 1929, sec. 17-515) required the treasurer to deposit the money

in the bank under the facts presented herein. This bank was the only one in the village. The trial court accepted their view and gave the following instruction:

"The jury are instructed that the statutes of the state of Nebraska provide that the village treasurer shall be required to keep at all times on deposit for safe-keeping in the state or national bank doing business in the village, and of approved or responsible standing, the amount of moneys in his hands collected and held by him as such village treasurer."

This instruction was clearly erroneous. It does not take into account the whole law on the subject. The same argument was made before this court in *State v. Bank of Otoe,* 125 Neb. 383. The facts in that case are almost if not identical with those in the case at bar. The interpretation of the statute is discussed at length there and will not be repeated here. A bank of approved or responsible standing as contemplated by the statute is one approved by the village board.

It seems to be necessary to quote the syllabus from *State v. Bank of Otoe,* 125 Neb. 383: "Under section 17-515, Comp. St. 1929, a village treasurer is not authorized to deposit village funds in any bank which has not been designated by the board of trustees as a depository."

The trial court submitted this cause to the jury on the question of negligence of treasurer in making the deposit in the bank of which he was an officer and which was insolvent at the time. Evidence was introduced by the defendants that the state department permitted the bank to remain open. The plaintiff is entitled to recover here for that the deposit was unauthorized. It was negligence under the evidence for the treasurer who was assistant cashier and bookkeeper to deposit the money in the bank. It was not necessary for the plaintiff to prove negligence. It was sufficient that the deposit was unauthorized. But, in view of the foregoing erroneous instruction, the jury could not return a proper verdict. There is no question of fact to submit to a jury. Instead of submitting the case

to the jury, the trial court should have directed a verdict in favor of the village against the treasurer for the full amount lost and against the bonding company to the extent of its bond. The judgment is reversed and remanded, with directions to the trial court to enter a judgment, without further delay, for the amount prayed for in the petition, with interest from the date of his resignation (November 27, 1929) as treasurer, against William Nagel and against the American Employers Insurance Company to the extent of its bond.

REVERSED.